**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KRISTEN H.,

                        Plaintiff,

   - v -                                                  Civ. No. 3:19-CV-1354
                                                                             (DJS)

KILOLO KIJAKAZI, *Acting Commissioner of*
*Social Security*,[1]

                        Defendant.

**APPEARANCES:**                                   **OF COUNSEL:**

LACHMAN & GORTON                    PETER A. GORTON, ESQ.
Counsel for Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, NY 13761

U.S. SOCIAL SECURITY ADMIN.      TIMOTHY S. BOLEN, ESQ.
Counsel for Defendant
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, MA 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION AND ORDER

### I. INTRODUCTION

On March 31, 2021, Peter A. Gorton, counsel to Plaintiff in this action, submitted a Motion for Attorneys' Fees. Dkt. No. 18. Defendant responded to the Motion, providing that it has no objection to the amount sought, that the de facto hourly rate sought

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021 and is substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d).

1

did not appear to be unreasonable or to constitute a windfall for counsel, and agreeing that if the Court awards the present application, then counsel must remit the lesser of the § 406(b) fee and the Equal Access to Justice Act ("EAJA") fee to Plaintiff.  Dkt. No. 20. Upon review of the matter, the Court grants Plaintiff's Motion.

## II.  BACKGROUND

Plaintiff filed a Complaint in this matter on November 4, 2019, seeking review of the Commissioner's determination denying Plaintiff's application for disability benefits. Dkt. No. 1.  Plaintiff filed a Motion for Judgment on the Pleadings, and the parties stipulated to remand of the matter for further proceedings.  Dkt. Nos. 9 & 10.  On April 6, 2020, the Court ordered the remand, and judgment was entered in this case.  Dkt. Nos. 11 & 12.  Plaintiff moved for an award of attorneys' fees pursuant to the EAJA, to which Defendant had no objection, and the Court ordered such attorneys' fees awarded in May of 2020.  *See* Dkt. Nos. 13, 14, & 17.  At that time, $4,937.74 was awarded, however, counsel only received $3,652.22 because $859.22 was applied to New York State Tax Debt and $426.30 was applied to New York State Taxation. Dkt. No. 18-1.  Upon review of the matter on remand, the Administrative Law Judge issued a favorable decision awarding Plaintiff benefits. Dkt. No. 18-.3.  That decision resulted in an award to Plaintiff of total past due benefits of $67,383.00.  Dkt. Nos. 18-1 & 18-3.  On March 31, 2021, Plaintiff's counsel filed a Motion for Attorneys' Fees pursuant to 42 U.S.C. § 406(b)(1). Dkt. No. 18.

Plaintiff's counsel seeks attorneys' fees in the amount of $16,845.75, of which he would remit to Plaintiff the sum of $3,652.22 previously awarded from the EAJA fees.

2

### III.  DISCUSSION

The Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).  This section "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  The court "must give due deference to the intent of the parties, but it ought not blindly approve every fee request made pursuant to a contingent agreement."  *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

"[A] requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable." *Id.* at 370.  In determining whether a fee is reasonable, a court should consider whether the attorney is responsible for a delay in the proceedings, as well as "whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney."  *Id.* at 372; *Gisbrecht v. Barnhart*, 535 U.S. at 808.  In determining whether an award would constitute a windfall,

> courts in this circuit have identified several relevant considerations, which include: (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

3

*Porter v. Comm'r of Soc. Sec.*, 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009) (quoting *Rowell v. Astrue*, 2008 WL 2901602, at *4 (E.D.N.Y. July 28, 2008)). If the court finds the fee is unreasonable, the court "may reduce the fee provided it states the reasons for and the amounts of the deductions." *Id.*

Here, the contingency fee agreement provides in pertinent part that "[i]f the first ALJ decision after the date of this agreement is a denial, and my attorney agrees to appeal and the case is won at a later proceeding, the fee will be 25% of all back benefits awarded in my case without any cap on the fee." Dkt. No. 8 at p. 188. The amount requested does not exceed the 25% limit, and there is no evidence of fraud or overreaching.

Counsel seeks $16,845.75 in attorneys' fees. Counsel notes a total of 23.9 hours expended on this matter at the federal court level, which provides a de facto rate of $552.03 per hour.[2, 3] Dkt. Nos. 18-1 & 18-2. This rate is within the range regularly awarded as attorneys' fees in this type of case. *See Tanner v. Comm'r of Soc. Sec.*, 2018 WL 6521585, at *2 (N.D.N.Y. Dec. 12, 2018) (granting a fee request that would amount to a *de facto* hourly rate of $339.15); *Insel v. Comm'r of Soc. Sec.*, 2017 WL 6558585, at *1 (N.D.N.Y. Dec. 22, 2017) (finding a *de facto* hourly rate of $416.60 would not be a windfall); *Filipkowski v. Barnhart*, 2009 WL 2426008, at *2 (N.D.N.Y. Aug. 6, 2009)

---

[2] "Although the Court cannot rely on the lodestar method to determine whether the fees sought are reasonable, Plaintiff's counsel's record of the time he expended in federal court and the tasks that he performed related to the federal court litigation is one factor that the Court may consider in determining reasonableness." *Whittico v. Colvin*, 2014 WL 1608671, at *5 (N.D.N.Y. Apr. 22, 2014).

[3] This rate of $552.03 is reached after subtracting the EAJA fee awarded from the amount currently requested. This method of calculation has been accepted by some courts and rejected by others. *See Eric K. v. Comm'r of Soc. Sec.*, 2021 WL 948995, at *2 (W.D.N.Y. Mar. 12, 2021) (collecting cases). The Court notes that if it used the larger hourly rate, without subtracting the EAJA fee, the outcome of this decision would not change.

(awarding attorneys' fees at a *de facto* hourly rate of $743.30).  As for the effort expended by the attorney, counsel prepared a Motion for Judgment on the Pleadings which was filed before the parties stipulated to remand the case.  In addition, Plaintiff has been awarded significant benefits as a result of the litigation.  Finally, in reviewing counsel's time log, it generally appears to reflect properly recorded and appropriate attorney work.  The Court therefore finds that the amount requested would not constitute a windfall, and will not deny the Motion on that basis.

Finally, the Motion was submitted timely.  "Unless a statute or a court order provides otherwise, the motion [for attorneys' fees] must: (i) be filed no later than 14 days after the entry of judgment[.]"  FED. R. CIV. P. 54(d)(2)(B).  This rule applies to Section 406(b) attorneys' fee applications following a district court remand of an agency denial of benefits.  *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. Aug. 2, 2019).  Because the Commissioner typically calculates benefits "months after the district court remands," however, the timeframe may be tolled pending the Commissioner's calculation of benefits following remand, and then would begin to run upon the claimant receiving notice of the benefits calculation.  *Id.* at 86-91.

Counsel advises that although the Notice of Award is dated February 8, 2021, it was not received until March 22, 2021, Dkt. Nos. 18-1 & 18-3, and the Motion was submitted on March 31, 2021.  It is unclear why counsel did not receive the notice for six weeks.  However, the Court will not deny the motion on the basis of untimeliness.  Initially, *Sinkler* is unclear as to whether the fourteen days begins to run from when the client receives the notice of award or when the attorney receives the notice of award.

5

*Compare Sinkler v. Berryhill*, 932 F.3d at 88 ("Once counsel receives notice of the benefits award . . . there is no sound reason not to apply Rule 54(2)(B)'s fourteen day limitations period") *with id.* at 91 ("[T]he fourteen-day filing period starts to run when the claimant receives notice of the benefits calculation."). If considered from the date counsel received the notice of award, the Motion is timely. In any event, the "fourteen-day limitations period is not absolute," and "district courts are empowered to enlarge that filing period where circumstances warrant." *Id.* at 89. The Court will grant Plaintiff's Motion.

## IV.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion for Attorneys' Fees (Dkt. No. 18) is **GRANTED**; and it is further

**ORDERED**, that Attorney Gorton is awarded the sum of $16,845.75 as fees pursuant to 42 U.S.C. § 406(b), to be paid from the amount withheld by the Commissioner of Social Security from the past due benefits awarded to Plaintiff; and it is further

**ORDERED**, that Attorney Gorton is directed to remit to Plaintiff the sum of $3,652.22 that was previously received as attorneys' fees pursuant to the EAJA; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action in accordance with the Local Rules.

Dated: July 21, 2021
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge